ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| PUEBLO DE PUERTO RICO, Recurrente, v. DAVID TORO QUIÑONES, Peticionaria. | KLCE202500504 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Región Judicial de Mayagüez, Sala Superior de San Germán. Criminal núm.: I3CR202400104. Sobre: Art. 108 C.P. |
| --- | --- | --- |

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

Romero García, jueza ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de mayo de 2025.

El 8 de mayo de 2025, el peticionario, señor David Toro Quiñones (señor Toro), instó este recurso con el fin de que este Tribunal expidiera el auto de *certiorari* y revocara la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de San Germán, el 16 de abril de 2025[1]. En ella, el foro primario declaró sin lugar la solicitud de desestimación[2] presentada por el señor Toro al amparo de la Regla 64(n)(4) de Procedimiento Criminal, 34 LPRA sec. 64.

En su solicitud de desestimación de la denuncia en su contra[3], el señor Toro argüía que el Ministerio Público no había cumplido con su obligación de contestar oportunamente el descubrimiento de prueba que se le había notificado, por lo que, por segunda ocasión, la defensa se veía obligada a solicitar la posposición del juicio en su fondo[4]. Según el señor

---

[1] *Véase*, apéndice del recurso, a las págs. 1-3. La *Resolución* fue "reducida a escrito" el 21 de abril de 2025, y, conforme surge del *Sistema Integrado de Apoyo a los Tribunales* (SIAT), fue notificada el 22 de abril de 2025. Apuntamos que el peticionario no adjuntó a su apéndice copia de la hoja de notificación, por lo que tuvimos que acceder al SIAT para comprobar nuestra jurisdicción.

[2] *Íd.*, a las págs. 16-22.

[3] *Íd.*, a la pág. 4. La denuncia imputa al señor Toro la comisión del delito menos grave de agresión, tipificado en el Art. 108 del Código Penal, 33 LPRA sec. 5161, cometido el 6 de octubre de 2024, en Sabana Grande, Puerto Rico, contra el señor Ramón Ruiz Vega.

[4] El primer señalamiento de juicio fue el **9 de enero de 2025**; el segundo, el **6 de marzo de 2025**. *Véase*, minuta de la vista del 6 de marzo de 2025, a las págs. 10-13 del apéndice

Número identificador

RES2025_____

Toro, tal omisión constituía una violación a lo dispuesto en la Regla 95 de Procedimiento Criminal y a su derecho a un juicio rápido.

El 7 de marzo de 2025, el Ministerio Público contestó el descubrimiento de prueba[5], y, el 10 de marzo, se opuso a la solicitud de desestimación presentada por la defensa[6].

Examinadas las sendas posturas de las partes, el tribunal primario emitió la *Resolución* objeto de este recurso. Evaluado el tracto del caso, en particular, la omisión de la defensa de llevar a la atención del tribunal el incumplimiento del Ministerio Público con el descubrimiento de prueba, así como el re-señalamiento del juicio provocado por la ausencia de la defensa el 9 de enero de 2025, el foro *a quo* concluyó que no se configuraban los criterios para declarar con lugar la solicitud del señor Toro o para concluir que se había violentado su derecho a un juicio rápido. Por lo tanto, denegó la solicitud de desestimación y ordenó la continuación de los procedimientos.

Inconforme con dicha determinación, el 8 de mayo de 2025[7], el señor Toro instó este recurso, en el que, como único señalamiento de error, planteó que no había mediado justa causa para la demora del Ministerio Público en contestar el descubrimiento de prueba que se le había notificado, lo que, a su vez, se traducía en una violación a su derecho a un juicio rápido.

Conforme le fuera ordenado, el 27 de mayo de 2025, el Pueblo de Puerto Rico, por conducto de la Oficina del Procurador General, presentó su oposición a la expedición del recurso.

---

del recurso. Conforme surge claramente de la minuta, la defensa admitió que, el 9 de enero de 2025, su representación legal no estuvo presente en sala, pues se encontraba atendiendo otros asuntos en otra sala del tribunal. *Íd.*, a la pág. 11. No obstante, ese mismo 9 de enero, el Ministerio Público estuvo presente con sus testigos de cargo, así como el acusado señor Toro. Véase, *Resolución* del foro primario, apéndice del recurso, a la pág. 1, segundo párrafo.

[5] *Véase*, apéndice del recurso, a las págs. 14-15.

[6] A pesar de su pertinencia, una copia de la oposición presentada por el Ministerio Público no fue adjuntada al apéndice del recurso.

[7] Conforme a la minuta de la vista del 6 de marzo de 2025, el juicio en su fondo quedó señalado para el **8 de mayo de 2025**, a las 2:00 pm; los testigos quedaron debidamente citados. *Véase*, apéndice del recurso, a la pág. 13.

Evaluado el recurso, la oposición del Ministerio Público, así como la detallada y bien fundamentada *Resolución* del foro primario, este Tribunal concluye que el señor Toro no pudo establecer que dicho foro hubiera incurrido en error alguno. Tampoco surge del expediente que el tribunal recurrido haya abusado de la discreción que le asiste, de forma tal que se haga meritorio eludir la norma de abstención judicial que regula el ejercicio de nuestras funciones.

Así pues, en virtud de lo dispuesto en la Regla 40 del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, resolvemos **denegar la expedición del auto de *certiorari***.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones